Oldham, J. It is assigned for error that the declaration is insufficient. In what particular it is defective is not shown. Upon inspection, we find it technically formal and substantially good in every particular. The truth of the second assignment does not appear of record. The fact that the plaintiff is a non-resident appears alone from the bond for costs, which is copied into but forms no part of the record of the cause. Montgomery vs. Carpenter, 5 Ark. R. 264. If the fact of non-residence would avail any thing, being to the disability of the person of the plaintiff, it should be pleaded in abatement, but cannot be taken advantage of by plea in bar, or in error. But its insufficiency at any stage of the proceedings was decided in Jones vs. Buzzard, 2 Ark. Rep. 415, upon a statute no broader than our present attachment law. The third assignment is of matter in abatement only. Didier vs. Galloway, 3 Ark. R. 501. The only remaining cause assigned for error is, that the sheriff made and returned no schedule of the property attached. The return is strictly in accordance with the law, and contains a specific description of the land attached. A schedule is necessary where the property consists of numerous articles; in which case the officer is authorized to give a general description of the property attached in his return accompanying the same with a schedule containing a specific inventory of the articles so attached. But where the sheriff gives a specific description and statement of the property attached in his return, a schedule reiterating' the same facts is wholly useless and unnecessary. We see no error in the judgment and therefore the same is affirmed.